
Keith M. Lundin
U.S. Bankruptcy Judge
Dated: 06/09/11



mk

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF TENNESSEE**

DEBTORS **KEITH FRANCIS DRURY**　　　　　　　　　　　　Case No. **11-00880-KL3-13**
**SUZANNE MICHELLE DRURY**
**SSN XXX-XX- 4575  SSN XXX-XX- 9921**

ORDER CONFIRMING CHAPTER 13 PLAN, GRANTING CERTAIN MOTIONS
AND NOTICE OF OPPORTUNITY TO OBJECT

**CONFIRMED AS PROPOSED**

The Court determines that it is in the best interest of creditors and the estate to hold a hearing on confirmation earlier than 20 days after the meeting of creditors and that no party has objected to the hearing being held on such earlier date.

A copy of the debtors' plan has been transmitted to scheduled creditors and it has been determined after notice and an opportunity for hearing that the plan meets the confirmation requirements of 11 U.S.C. §1325; therefore, It is ORDERED that:

1. The debtors' plan is confirmed as provided below.

2. The debtors are enjoined from incurring any debts except such debts as may be necessary for emergency medical or hospital care pursuant to 11 U.S.C. §1305.  Debtors are enjoined from reducing the amounts withheld for taxes on a W-4 submitted to an employer without trustee consent.

3. **Debtor(s) shall pay:**

    **$1,136.00 SEMI-MONTHLY  from BELLSOUTH COMMUNICATIONS**
    **$8,000.00 ANNUALLY  from KEITH FRANCIS DRURY**

Debtor(s) shall pay to the trustee a minimum base of at least **N/A**, to complete payments under the plan.  Any funds from the base, after satisfaction of allowed secured and priority claims pursuant to this order shall be used to increase the distribution to allowed unsecured claims.

4. From funds received, the Trustee shall disburse as follows:

    a. To the Court Clerk the sum of **$0.00** and **$0.00** for filing and noticing fees.

    b. To the Trustee, compensation and expenses pursuant to 28 U.S.C. §586(e) and 11 U.S.C.

    c. To the debtors' attorney, **ERIC FOX**, the sum of **$2,864.00 to be paid at $345.00 per month**.

    c. Total fee awarded to attorney is **$2,864.00** .

    d. To creditors holding allowed claims as follows:
        i. To claimholders entitled to priority under 11 U.S.C. §507, payment in full as follows: **NONE**

        ii. To claimholders holding allowed secured claims, the amount of such secured claim indicated below not to exceed the present value of each claimholder's security determined by this order pursuant to U.S.C. §506:

| Creditor Name/Collateral | Interest | Value | Month |
| --- | --- | --- | --- |

**--------------- NONE ---------------**

The secured claimholders listed above shall retain liens pursuant to 11 U.S.C. §1325 (a)(5)(b), until discharge at which time liens shall be released.

   iii. To creditors holding claims secured by a purchase money security interest in a motor vehicle incurred within 910 days preceding the petition or secured by a purchase money security interest in any other thing of value incurred in the 1 year period preceding the filing as follows:

| Creditor/Collateral | Interest | Principal Amt To Be Pd | Month |
|---|---|---|---|
| **CARMAX AUTO FINANCE** *(04 FORD EXCURSION / 910 AUTOMOBILE LOAN)* | **3.25%** | **$18,424.45** | **$333.15** |

The secured claimholders listed above shall retain liens pursuant to 11 U.S.C. §1325 (a)(5)(b), until discharge at which time liens shall be released.

These creditors have either accepted the plan (as designated by an *) or the above claims are not subject to the provisions of §506.

   iv. To the holders of "long term" debts provided for under U.S.C. §1322(b)(5).

| Creditor | Post Conf. Payment | Last date included in the arrearage claim |
|---|---|---|
| ~ + **METLIFE** *MTG CONT/ 1102 SPRING CREEK RD* | **$1,105.18** | **6/11** |
| ~ + **SOUTHEAST FINANCIAL CU** *MTG CONT/ 1102 SPRING CREEK RD* | **$395.71** | **6/11** |

| Creditor | Amount of Arrearage | Int. on Arrears | Monthly Pym. on Arrears |
|---|---|---|---|
| **METLIFE** *MTG / 1102 SPRING CREEK RD* | **$1,105.82(e)** | **0.00%** | **CLASS II** |
| **SOUTHEAST FINANCIAL CU** *MTG / 1102 SPRING CREEK RD* | **$369.29(e)** | **0.00%** | **CLASS II** |

Arrearages noted above include prepetition arrearages per the proof of claim and post petition, preconfirmation installments.

   Pursuant to 28 U.S.C. §586, The United States Trustee has precluded the Trustee from assessing any percentage fee on the maintenance payments of "long term" debts in which arrearage exists that is cured pursuant to 11 U.S.C. §1322(b)(5). Such fee is assessed on disbursements to cure the arrearage.

   The Trustee may adjust the postpetition regular payments noted above and payments to the plan in paragraph 3 upon filing notice of such adjustment to debtors, debtors' attorney, creditor, and the U.S. Trustee where, and to the extent the underlying contract provides for modification.

   v. To unsecured claimholders, in classes and paid in classes, sequentially as shown

**--------------- NONE ---------------**

Except as provided immediately above, allowed nonpriority unsecured claimholders will be paid a dividend of at least **100.00%**. The "unsecured pool" shall be not less than **N/A**.

5. Other provisions of the plan, including payments to be made directly by debtors, collateral to be surrendered and other conditions:

    **Surrender the collateral to creditor BLUEGREEN CORP. (TIMESHARE)**

    **BELLSOUTH COMMUNICATIONS (SECURED CREDITOR) Paid direct by debtor. (401K LOAN)**

If there is a surrender of property securing a claim, the automatic stay of 11 U.S.C. §362(a) is terminated to permit recovery and disposition of the surrendered property.

6. The plan rejects all executory contracts, except such executory contracts as follows:

    **--------------- NONE ---------------**

7. The plan is expected to last approximately **60** months. The plan will complete only when the plan has satisfied all secured, and priority claims and the "unsecured pool" has been distributed to unsecured creditors.

8. Creditors not advising the Trustee of address changes may be deemed to have abandoned claims.

9. All property shall remain property of the estate and shall vest in the debtors only upon dismissal, discharge or conversion. The debtors shall be responsible for the preservation and protection of all property of the estate not transferred to the Trustee.

10. Post-petition claims, allowed pursuant to 11 U.S.C. §1305, shall be paid in full but subordinated to the payment of unsecured claims as provided in Paragraph 4 above.

11. The Debtors motion to declare that all information required under §521(a)(1)(B) has been granted and the case has not been dismissed pursuant to §521(i).

12. Provisions Relating to Claims Secured by Real Property Treated Pursuant to §1322(b)(5):

    (a) Confirmation of this Plan shall impose upon any claimholder treated under paragraph 4(d)(iv) of the Confirmation Order and, holding as collateral, the debtor's residence, the obligation to:

        i. Apply the payments received from the Trustee on pre-confirmation arrearages only to such arrearages. For purposes of this Plan, the "pre-confirmation" arrears shall include all sums included in the allowed proof of claim plus any post-petition pre-confirmation payments due under the underlying mortgage obligation not specified in the allowed proof of claim. Monthly ongoing mortgage payments shall be paid by the trustee commencing with the later of the month of confirmation or the month in which a proof of claim itemizing the arrears is filed by such claimholder.

        ii. Treat the mortgage obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties or other charges.

        iii. Not less than 60 days prior to the effective date of any change in monthly mortgage payments, notify the Trustee, the Debtor and the attorney for the Debtor in writing of any changes in the interest rate for any non-fixed rate or any adjustable rate mortgages and the effective date of any such adjustment or adjustments or any change in the property taxes and/or the property insurance premiums that would either increase or reduce the escrow portion, if any, of the monthly mortgage payments and the

effective date of any such adjustment or adjustments.

      iv. Notify the Trustee, the Debtor and attorney for the Debtor, in writing, of any protective advances or other charges incurred by the claimholder, pursuant to the mortgage agreement, within 60 days of making such protective advance or other charges.

(b) If the Trustee has maintained payments to the mortgage creditor in accordance with paragraph 4(d)(iv) of the Confirmation Order, then no later than 60 days prior to the anticipated last payment under the Plan, the Trustee shall file an application with the Court requesting the Court find that the Trustee has complied with the Plan as to maintaining the mortgage payments and curing the pre-petition default. If the mortgage claimholder asserts that the mortgage obligation is not contractually current at the time of the Trustee's application, then the claimholder shall, within 20 days of receipt of the Trustee's application, file a Statement of Outstanding Obligations, clearly itemizing all outstanding obligations it contends that have not been satisfied as of the date of the statement with service upon the Trustee, the Debtor and the Debtor's attorney. No liability shall result from any nonwillful failure of the Trustee to file the application authorized herein.

(c) Should the claimholder fail to file and service a Statement of Outstanding Obligations within the required time, upon Discharge, the holder shall treat the mortgage as fully reinstated according to its original terms and fully current as of the date of the Trustee's notice. If the holder does serve a Statement of Outstanding Obligations within the required time, the Trustee or the Debtor may, within 30 days of the service of the statement, challenge the accuracy thereof by motion, filed with the court, to be served upon the holder, the Trustee and the Debtor, or may propose a modified plan to provide for payment of additional amounts the Debtor acknowledges or the Court determines are due. To the extent that amounts set forth on a timely filed Statement of Outstanding Obligations are not determined by the Court to be invalid or are not paid by the Debtor through a modified plan, the right of the holder to collect these amounts will be unaffected.

**NOTICE OF OPPORTUNITY TO OBJECT**

PURSUANT TO 11 U.S.C. §1323 AND 1324 AND FED. R. BANKR. P.9021, 2002 AND 3015, AS TO ANY PRECONFIRMATION MODIFICATIONS OF THE PLAN THIS ORDER SHALL NOT BECOME FINAL FOR 25 DAYS. ANY PARTY IN INTERST SEEKING TO BE RELIEVED FROM ITS PROVISIONS PURSUANT TO RULE 9023 FED. R. BANKR. MUST FILE A MOTION WITHIN THAT 25 DAY PERIOD. FAILURE TO FILE SUCH MOTION SHALL BE DEEMED A WAIVER OF ALL OBJECTIONS TO ANY CHANGES OR MODIFICATIONS TO TREATMENT OF CLAIMS MADE AT CONFIRMATION AND AN ACCEPTANCE OF THE PROVISIONS OF THIS CONFIRMED PLAN. THE TRUSTEE MAY DISBURSE FUNDS PURSUANT TO THIS CONFIRMATION ORDER UPON ENTRY.

Approved:

/s/ERIC FOX
ATTY FOR THE DEBTOR
103 HAZEL PATH COURT #6
HENDERSONVILLE, TN 37075
615-264-5695
ericfoxlegal@bellsouth.net

341 Date: **May 31, 2011**
Case no: **11-00880-KL3-13**
Printed: **06/08/2011**    **2:41 pm**

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.